Amalio **ARANDA** et al., Plaintiffs,

v.

Santos **PENA** et al., Defendants.

No. 76–193–Civ–CA.

United States District Court,
S. D. Florida.

May 18, 1976.

Carl M. Webster, Florida Rural Legal Services, Inc., Immokalee, Fla., for plaintiffs.

### ORDER ON MOTION FOR DEFAULT JUDGMENT

ATKINS, District Judge.

Plaintiffs' motion for default judgment against defendant Santos Pena requires this Court to determine whether the Farm Labor Contractor Registration Act of 1963, 7 U.S.C. § 2041 et seq., allows liquidated dam-

ages as a form of relief in civil actions brought by a private citizen. The Act provides:

> . . . If the court finds that the respondent has intentionally violated any provision of this chapter or regulation prescribed hereunder, it may award damages up to and including an amount equal to the amount of actual damages, or $500 for each violation, or other equitable relief. . . . 7 U.S.C. § 2050a(b) (1974)

As Plaintiffs' counsel forthrightly indicated, the statute is susceptible of more than one meaning and may be read to limit actual damages to $500 or to authorize all provable damages and in the alternative liquidated damages not to exceed $500 for each violation. The brief legislative history on civil relief under the statute states that "[t]he court may appoint an attorney for such person and may award damages *up to* $500 for each violation or other equitable relief." (Emphasis added) 1974 U.S.Code Cong. and Adm.News, pp. 6441, 6450. This statement fails to mention liquidated damages and suggests a cap on the amount of actual damages.

In the Fair Labor Standards Act, 29 U.S.C. § 216[1] and the Truth in Lending Act, 15 U.S.C. § 1640(a),[2] unequivocal provision for liquidated damages was made. The absence of such draftmanship in the Farm Labor Contractor Registration Act of 1963 may be interpreted as a conscious denial of liquidated damages, which are relatively uncommon in federal regulatory statutes.

A Congressional determination not to provide for liquidated damages in 7 U.S.C. § 2041 et seq. is understandable. However, I cannot endure the unavoidable concomitant of such a statutory interpretation, the senseless limitation to $500 of the actual damages of a private plaintiff.

Recognizing that Congress amended the Act in 1974 to achieve more effective enforcement through private suits and to create more formidable penalties,[3] I must interpret the statute in a manner which effectuates rather than frustrates the major purpose of the legislative draftsmen. *EEOC v. Louisville & Nashville Ry Co.*, 505 F.2d 610, 617 (5 Cir. 1974).

 Accordingly, 7 U.S.C. § 2050a(b) (1974) authorizes actual damages or in the alternative liquidated damages of $500 for each violation as well as appropriate injunctive relief. Plaintiff shall file within five days from entry of this order a proposed default judgment in accordance with this Court's interpretation of the statute.

---

1. 29 U.S.C. § 216(b) "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected . . . and in an additional equal amount as *liquidated damages.*" [emphasis added]

2. 15 U.S.C. § 1640 "(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D of this subchapter . . . is liable . . .

(2)(A) in the case of an individual action twice the amount of any finance charge . . ., except that the liability under this subparagraph *shall not be less than $100* nor greater than $1,000" (emphasis added).

3. 1974 U.S.Code Cong. & Adm.News, pp. 6441, 6443.